UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-792H

CINCINNATI INSURANCE COMPANY                                        PLAINTIFF

V.

T. & T. R., et al.                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Cincinnati Insurance Company ("CIC") filed this action seeking a declaratory judgment as to whether homeowners and umbrella insurance policies it sold to T. and T.R. (the "Insureds") cover acts of sexual molestation allegedly performed by their son, E.R. CIC filed a motion for summary judgment, which has been opposed by the Insureds. The Court was hesitant initially about resolving this matter because no lawsuit has been filed. However, after discussing the matter with counsel the Court has concluded that the issues are sufficiently known and definite to address here. After reviewing the relevant case law, the Court finds that claims arising out of such acts are not covered by either policy.

I.

CIC issued homeowners and umbrella insurance policies to T. And T.R. CIC has been notified of claims against the Insureds arising from alleged sexual misconduct on the part of their thirteen year-old son, E.R., perpetrated against two neighbors, D.M., age twelve, and R.W., age thirteen (the "Claimants"). On November 16, 2005, the Claimants' attorney sent a letter to CIC's attorney notifying him of the allegations against his clients, but as of yet, no lawsuit has

been filed on behalf of D.M. or R.W.

The homeowners policy owned by T. and T.R. provides liability coverage for bodily injury, personal injury or property damage caused by an "occurrence", which the homeowners policy defines as an accident, including continuous or repeated exposure to substantially the same harmful conditions, that results in "bodily injury" or "property damage".  It also contains an exclusion for bodily injury, personal injury or property damage which may reasonably be expected to result from the intentional or criminal acts of one or more insureds or which is in fact expected or intended by one or more insureds, even if the injury or damage is of a different degree or type than actually expected or intended.  The homeowners policy also contains an exclusion for bodily injury, personal injury or property damage arising out of sexual molestation, corporal punishment (other than administered by a teacher), or physical or mental abuse.

The umbrella policy contains a grant of coverage similar to that in the homeowners policy.  Both provide coverage for injuries caused by an occurrence, but the definition of "occurrence" in the umbrella policy is broader than in the homeowners policy since it also covers "an offense that results in 'personal injury'."  Like the homeowners policy, the umbrella policy contains an exclusion for bodily injury, property damage or personal injury which may reasonably be expected to result from the intentional or criminal acts of any insured or which is in fact expected or intended by any insured, even if the injury or damage is of a different degree or type than actually intended or expected. The umbrella policy also contains an exclusion for bodily injury, property damage or personal injury arising from any actual, alleged or threatened act or acts of sexual abuse, molestation, misconduct or harassment or physical abuse.

II.

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (2007), permits a court to declare the rights and other legal relations of interested parties seeking such declaration if there is a case of actual controversy. The Sixth Circuit has recognized the policy in favor of maintaining jurisdiction over declaratory judgment actions "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Assurance Co. of America v. Dusel Builders, Inc.,* 78 F.Supp.2d 607, 609-10 (W.D. Ky. 1999) (quoting *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

Although the Claimants have not sued the Insureds for the actions of their son, the Claimants' attorney has directly approached CIC about settlement of the claims. Since the alleged victims are minors, the statute of limitations on their personal injury causes of action may be tolled, and it may be years before they file suit. If and when such suit is filed, CIC could have a duty to defend claims covered by the homeowners and umbrella policies. *See, e.g., James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279-280 (Ky., 1991). Thus, there exists an actual controversy as to whether E.R.'s actions are covered by the policies. The Sixth Circuit has permitted declaratory judgments concerning insurance coverage to be issued prior to filing of the underlying lawsuit. *See, e.g., Avemco Ins. Co. v. Coupe, et al.*, Nos. 99-1549, 99-1590, 2000 U.S. App. LEXIS 25470 (6th Cir. October 3, 2000).

In interpreting the insurance policies, the Court is mindful that the contract should be liberally construed and all doubts resolved in favor of the Insureds, and exceptions and

exclusions should be strictly construed to make insurance effective. *K.M.R. v. Foremost Ins. Group*, 171 S.W.3d 751, 753 (Ky. App. 2005) (citing *Kentucky Farm Bureau Mutual Ins. Co. v. McKinney*, 831 S.W.2d 164, 166 (Ky. 1992)).

### III.

First, both policies have exclusions for damages "which may reasonably be expected to result from the intentional or criminal acts" of the Insureds. In the context of liability insurance, an act of sexual molestation is an intentional and criminal act. *See K.M.R.*, 171 S.W.3d at 755; *and see Allstate Indem. Co. v. Mounts*, No. 05-266-DLB, 2006 U.S. Dist. LEXIS 14436, *13 (E.D. Ky. Mar. 30, 2006). Moreover, the fact that E.R. was thirteen at the time of the incident does not make the act unintentional for purposes of determining insurance coverage. Intent to injure can be inferred as a matter of law from an act of sexual misconduct, and the actor's capacity to form that intent becomes irrelevant. *See Goldsmith v. Physicians Ins. Co.*, 890 S.W.2d 644, 646 (Ky. App. 1994).

The language of the exclusions also preclude claims asserted against E.R.'s parents and brother. The policies use slightly different language, but both have the same effect in this case. The homeowners policy excludes "intentional or criminal acts of **one or more** 'insureds'," while the umbrella policy excludes "intentional or criminal acts of **any** 'insured'." (emphasis added). Such language is very similar to the language discussed in *K.M.R.* that the court held denied protection to an innocent actor who is tainted by association with an intentional wrongdoer. 171 S.W.3d at 754. The exclusions unambiguously operate to preclude coverage to all insureds for liability attributable to the excludable acts of any one of the Insureds. Thus, even if E.R., D.R., and T. and T.R. each have separate and severable interests under each of the CIC policies, as the

4

Insureds argue, they are not covered for harm from intentional or criminal acts. The exclusions apply regardless of whether the insured against whom the claim is brought is the perpetrator.

Secondly, both policies provide exclusions for damage and injuries arising out of sexual misconduct. Specifically, the homeowners policy excludes coverage for damage and injuries "arising out of sexual molestation." The umbrella policy excludes coverage for damage and injuries "arising from any actual, alleged or threatened act or acts of sexual abuse, molestation, misconduct or harassment or physical abuse." As in *K.M.R.*, the language of these exclusions removes from coverage an entire category of injury or mental abuse; *i.e.*, those arising out of sexual acts. 171 S.W.3d at 755-56. This plainly worded exclusion should dispel any expectation of the Insureds that they are entitled to be defended or indemnified by CIC against a claim arising from sexual molestation, regardless of the identity of the actual perpetrator of the sexual offense. *Id.* at 756.

Finally, the homeowners policy only covers "occurrences", which it defines as accidents. Sexual molestation cannot be described as an accident, and as such it is not an occurrence covered by the homeowners policy.[1] *See, e.g., Thompson v. West American Ins. Co.*, 839 S.W.2d 579, 581 (Ky. App. 1992); *Mounts*, 2006 U.S. Dist. LEXIS 14436 at *13. Therefore, the unambiguous plain language of both insurance policies preclude a finding of coverage for claims arising from E.R.'s alleged sexual misconduct. Such a preclusion includes claims brought directly for the actions of E. R., or claims for negligence on the part of his parents or brother. Such coverage cannot be found in the language of the policies.

---

[1] The umbrella policy has a broader definition of "occurrence", which includes "an offense that results in 'personal injury'." Thus, an act of sexual molestation could be considered an occurrence under that policy, though it would still be excluded from coverage by the aforementioned exclusions.

5

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment is SUSTAINED and Cincinnati Insurance Company is entitled to a declaration that the claims against the Insureds and their son are not covered under its insurance policies discussed in this Memorandum Opinion.

This is a final order.

cc:     Counsel of Record